NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM C. OWENS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>KENNETH BRAITHWAITE*, Secretary of the Department of the Navy,<br><br>Defendant-Appellee. | Nos. 19-55795<br>19-55830<br>19-55831<br><br>D.C. Nos. 3:18-cv-01852-JAH-JLB<br>3:18-cv-01579-JAH-JLB<br>3:19-cv-00012-JAH-JLB<br><br>MEMORANDUM** |

Appeals from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted July 14, 2020***

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

William C. Owens appeals pro se from the district court's judgments

dismissing his employment actions alleging federal claims.  We have jurisdiction

---

*       Kenneth Braithwaite has been substituted for his predecessor, Richard V. Spencer, as Secretary of the Department of the Navy under Fed. R. App. P. 43(c)(2).

**       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

***       The panel unanimously concludes these cases are suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal on the basis of the doctrine against claim-splitting. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). We reverse and remand.

The district court dismissed Owens's actions as duplicative of another action Owens filed, *Owens v. Spencer*, No. 3:18-cv-01796-JAH-JLB. However, these actions are not duplicative because the causes of actions are not the same, as the actions do not arise out of the same transactional nucleus of facts and do not involve substantially the same evidence. *See Adams*, 487 F.3d at 689 (in determining whether actions are duplicative, this court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same"; setting forth the criteria for ascertaining whether causes of action are the same, the most important of which is "whether the two suits arise out of the same transactional nucleus of facts"). We reverse the judgments and remand for further proceedings.

**REVERSED and REMANDED.**